IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARRYL RICKY BROWN,<br>Plaintiff,<br><br>v.<br><br>COMMISSIONER<br>OF SOCIAL SECURITY,<br>Defendant. | )<br>)<br>)<br>) 2:14-cv-01500-TFM<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION**

September 15, 2015

**I.      Introduction**

Pending before the court are cross-motions for summary judgment filed by Plaintiff, Darryl Ricky Brown, and Defendant, Carolyn W. Colvin, the Acting Commissioner of Social Security. (ECF Nos. 9, 13). Both parties have filed briefs in support of their respective motions. (ECF Nos. 10, 14). Accordingly, the motions are ripe for disposition.

**II.     Background**

Plaintiff filed his current application for supplemental security income ("SSI") under Title XVI of the Social Security Act on October 3, 2011, having alleged disability as of January 1, 2007, due to chronic back pain. (R. 154). Plaintiff previously applied for benefits on March 19, 2009, alleging that he had been disabled since February 26, 2006. (R. 49). Administrative Law Judge ("ALJ") James Bukes denied Plaintiff's previous applications on April 27, 2011. (R. 59). That decision became final on September 10, 2011, when the Appeals Council denied Plaintiff's request for review. (R. 64).

On February 5, 2013, ALJ James J. Pileggi held a hearing with respect to Plaintiff's current claim. (R. 10). Plaintiff was represented by counsel and testified at the hearing, as did a vocational expert ("VE"). (R. 10). On February 20, 2013, ALJ Pileggi denied Plaintiff's

1

application, having found him not disabled under the Act. (R. 18). His decision became final on September 4, 2014, after the Appeals Council denied Plaintiff's request for review. (R. 1). This action followed.

## III. Legal Analysis

### A. Standard of Review

The Act strictly limits the Court's ability to review the Commissioner's final decision. 42 U.S.C. § 405(g). "This Court neither undertakes a de novo review of the decision, nor does it re-weigh the evidence in the record." *Thomas v. Massanari*, 28 F. App'x 146, 147 (3d Cir. 2002). Instead, the Court's "review of the Commissioner's final decision is limited to determining whether that decision is supported by substantial evidence." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). If the Commissioner's decision is supported by substantial evidence, it is conclusive and must be affirmed. 42 U.S.C. § 405(g). The Supreme Court has defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389 (1971). It consists of more than a scintilla but less than a preponderance of the evidence. *Thomas v. Comm'r of Soc. Sec.*, 625 F.3d 798 (3d Cir. 2010). Importantly, "[t]he presence of evidence in the record that supports a contrary conclusion does not undermine the Commissioner's decision so long as the record provides substantial support for that decision." *Malloy v. Comm'r of Soc. Sec.*, 306 F. App'x 761, 764 (3d Cir. 2009).

### B. Discussion

Plaintiff's sole contention is that the ALJ erred in rejecting the opinion of Rebecca Barnett, an occupational therapist who performed a physical capacity evaluation of Plaintiff on February 8, 2011, at the Veterans Administration Hospital in Pittsburgh. In Ms. Barnett's write-

up of her evaluation, she reported that Plaintiff "did not sit down for the first 20 minutes" because it felt better for him to stand. (R. 204). "During sitting tasks," she continued, "Mr. Brown had to reposition himself frequently and eventually had to stand." (R. 204). He could not walk for more than five minutes before developing hip/thigh pain that radiated down his leg, could not squat without increased pain, and had difficulty getting out of the squatting position, "almost losing his balance." (R. 204). Plaintiff could stand for only two minutes during a standing fine motor activity before his pain caused him to have to sit down, and he could not complete a seated fine motor activity because his constant low back pain caused him to stand repeatedly. (R. 204). Based on her evaluation of Plaintiff, Ms. Barnett opined, "Mr. Brown is inappropriate for full time employment, even at the sedentary level. He is unable to sit for even brief periods. He is also limited in his ability to walk, bend, squat and stand." (R. 204). More specifically, Ms. Barnett reported that Plaintiff could lift 10 pounds overhead and from knuckle to shoulder, but he could not lift anything from floor to knuckle; he could carry a maximum of 10 pounds; and he could never bend, squat, crawl, or climb. (R. 204-06). In addition, he scored a 56 percent on the Oswestry Disability Scale,[1] which is indicative of "severe disability." (R. 206). Ms. Barnett also noted that Plaintiff's "[p]erformance correlated well with [his] initial report of self-assessment." (R. 206).

    The ALJ addressed Ms. Barnett's opinion in his decision as follows:

I have considered the argument put for [sic] by the claimant's representative based upon the opinion contained [sic] of Rebecca Barnett, Occupational Therapist. (Exhibits B1F/2) but I ultimately find it unavailing. Ms. Barnett's opinion was rendered in February 2011, two months prior to the initial

---

1.     "The Oswestry Disability Index (ODI) is the most commonly used outcome measure for low back pain." A. Mehra et al., *Oswestry Disability Index Scoring Made Easy*, Nat'l Inst. of Health, http://www.ncbi.nlm.nih.gov/pmc/articles/PMC2647244/ (last visited Sept. 11, 2015). "It is a self-administered questionnaire divided into ten sections designed to assess limitations of various activities of daily living. Each section is scored on a 0–5 scale, 5 representing the greatest disability. The index is calculated by dividing the summed score by the total possible score, which is then multiplied by 100 and expressed as a percentage." *Id.*

unfavorable decision in this case.[2] (Exhibit B1F/2, B1A). As the Appeals Council denied review of that decision, it is now the final decision of the agency and is controlling under the principles of administrative finality. For the period at issue, I find in the record no opinion from any acceptable medical source that the claimant's impairments are disabling.

(R. 16).

According to Plaintiff, the ALJ failed to offer a sufficient basis for rejecting Ms. Barnett's opinion. Although Plaintiff recognizes that Ms. Barnett's opinion was rendered a number of months before he filed his current application, he nonetheless argues that "[t]he results of this examination . . . are a 'game changer' in the sense that . . . it confirms at the very least [his] significant standing/walking limitations, which requires an award of benefits pursuant to SSA's Medical-Vocational Guidelines." Pl.'s Br. at 4, ECF No. 14. Instead of dismissing Ms. Barnett's opinion out of hand because it predated the decision on his prior claim, Plaintiff's contends that the ALJ was required to assess it according to the factors in 20 C.F.R. 416.927. *Id.* As he sums up his argument, "There is no authority which permits an ALJ to fail to analyze a medical opinion under the regulations based on the theoretical possibility that an ALJ in a previous case considered it." *Id.* at 8.

Before delving into Plaintiff's argument, there are a few preliminary matters that must be addressed. First, as an occupational therapist, Ms. Barnett is not an "acceptable medical source." *Altman v. Comm'r of Soc. Sec.*, 124 F. App'x 748, 750 (3d Cir. 2005). Therefore, no matter when her opinion was rendered, it was not entitled to "controlling weight" under the regulations. *See* SSR 06-03P, 2006 WL 2329939, at *2 (Aug. 9, 2006) ("[O]nly 'acceptable medical sources' can be considered treating sources . . . whose medical opinions may be entitled to controlling weight."). Secondly, Plaintiff has repeatedly referred to Ms. Barnett as his "treating occupational

---

2. The ALJ appears to have meant that Ms. Barrett's opinion was rendered two months prior to the initial unfavorable decision in Plaintiff's *prior* case not *this* case.

4

therapist." But after a complete review of the record, it appears that Ms. Barnett's sole contact with Plaintiff came during the aforementioned evaluation (R. 202-07); she thus appears to have been nothing more than a one-time evaluator, and definitely not a treating source. As such, her opinion is not entitled to the same amount of deference as that of a true treating source who would be capable of providing a meaningful, longitudinal picture of Plaintiff's alleged impairments. *See Harper v. Colvin*, No. 02:13-CV-00446, 2014 WL 1278094, at *11 (W.D. Pa. Mar. 27, 2014) ("A one-time evaluation by a non-treating [physician] is not entitled to controlling weight.") (citation and quotation marks omitted). Finally, Ms. Barnett's conclusion that Plaintiff "is inappropriate for full time employment, even at the sedentary level," touches on an issue reserved for the Commissioner, and, though it could not be totally "disregarded," it was not "entitled to controlling weight" or any "special significance," for that matter. SSR 96-5P, 1996 WL 374183, at *5 (July 2, 1996).

That said, the ALJ did not raise any of these issues in discounting Ms. Barnett's opinion. And the only reason the ALJ *did* offer – administrative finality – is less than compelling.

To begin with, the ALJ appears to have confused, albeit somewhat understandably, the doctrine of administrative finality with the related, but slightly distinct, concept of res judicata. *See Young v. Bowen*, 858 F.2d 951, 954 (4th Cir. 1988) ("Although the concepts of res judicata and administrative finality are undoubtedly related, they, nevertheless, serve different interests and should not be carelessly confused."). The doctrine of administrative finality bars a claimant from reopening a final decision of the Commissioner unless certain conditions are present. *See* 20 C.F.R. § 404.988. Once a decision has become administratively final, res judicata then "preclude[s] a subsequent claim for benefits" involving the "'same' issues" raised in the prior proceeding. *Purter v. Heckler*, 771 F.2d 682, 691 (3d Cir. 1985). Res judicata also typically

prevents an ALJ from reevaluating "'the medical evidence from the initial proceeding[.]'" *Hillier v. Soc. Sec. Admin.*, 486 F.3d 359, 365 (8th Cir. 2007) (quoting *Bladow v. Apfel*, 205 F.3d 356, 360 n.7 (8th Cir. 2000)). Indeed – and this is where administrative finality and res judicata really start to converge – "an ALJ can accidentally" or constructively "reopen a prior adjudication by considering evidence of disability from an already-adjudicated period." *Simmons v. Astrue*, No. CIV. 08-6040-HU, 2009 WL 1076801, at *2 (D. Or. Apr. 20, 2009) (citing *Lewis v. Apfel*, 236 F.3d 503, 510 (9th Cir. 2001)).

Semantics aside, whether called administrative finality or res judicata, the ALJ erroneously used this doctrine to discount Ms. Barnett's opinion. In particular, the ALJ failed to recognize that he could consider new evidence, which includes evidence that predates a prior decision but "that was *not part of the record* in the prior proceeding," without running the risk of reopening the prior proceeding. *Hillier*, 486 F.3d at 365 (emphasis added). Thus, before applying "administrative finality" (really, res judicata), the ALJ was required to determine whether Ms. Barnett's opinion was actually admitted into evidence in the prior proceeding. If it was introduced as evidence in the prior proceeding – and it is certainly not clear that it was[3] – then res judicata, or "the collateral estoppel branch of res judicata," could apply. *Groves v. Apfel*, 148 F.3d 809, 811 (7th Cir. 1998). Still, the evidence would be "barred only if" the prior ALJ made a finding "that the evidence provides no support for the current claim." *Id.* "That would be true," for example, "if the earlier evidence had been found unworthy of belief" in the first proceeding. *Id.* If no such finding was made, then res judicata could not be applied to bar the consideration of the evidence in this case. *See id.*; *Hillier*, 486 F.3d at 365 ("Because [the plaintiff] did not submit [one doctor's] report during the prior proceeding, [the doctor's] report constitutes new evidence

---

3. As Plaintiff points out, the ALJ in the initial proceeding made no mention of Ms. Barnett's evaluation in his decision, and the record of the evaluation is not specifically referenced in the list of exhibits attached thereto. (R. 46-64).

and thus res judicata does not bar consideration of [the doctor's] report."). By failing to engage in this inquiry before discounting Ms. Barnett's opinion, the ALJ committed legal error.[4]

Unfortunately, that was not the ALJ's only error. Even if Ms. Barnett's evaluation *was* part of the prior record, the ALJ would still not have been *per se* prohibited from considering it here. *See Groves*, 148 F.3d at 810–11 ("There thus is no absolute bar to the admission in the second proceeding of evidence that had been introduced in the prior proceeding yet had not persuaded the agency to award benefits."); *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004) ("[E]ven if a doctor's medical observations regarding a claimant's allegations of disability date from earlier, previously adjudicated periods, the doctor's observations are nevertheless relevant to the claimant's medical history and should be considered by the ALJ."). In fact, "the Regulations require the ALJ to evaluate the medical records for at least twelve months prior to an application," and "[t]here is no exception to this requirement in the Regulations for cases" such as this one "with a previously adjudicated claim within twelve months." *Wetzel v. Colvin*, No. 3:13-CV-02955-GBC, 2015 WL 4488347, at *11 (M.D. Pa. July 23, 2015) (citing C.F.R. § 416.912(d)). Accordingly, it was not enough for the ALJ to discount Ms. Barnett's evaluation, which preceded Plaintiff's current application by fewer than 12 months, simply because it predated the ALJ's decision in the prior proceeding. As the Tenth Circuit Court of Appeals has explained, "evidence that is offered as proof of a disability, and not found persuasive by an ALJ in a prior proceeding, may be considered in a subsequent proceeding in combination with new evidence for the purpose of determining if the claimant has become disabled since the ALJ's previous decision." *Hillier*, 486 F.3d at 365. Such evidence may also be considered "to determine whether the claimant was disabled at the time of his second application," *Frustaglia v.*

---

4. This inquiry is specifically contemplated by the HALLEX, which instructs administrative law judges that they "may need to obtain the prior claim file" to determine whether res judicata applies. HALLEX I-2-4-40(J).

*Sec'y of Health & Human Servs.*, 829 F.2d 192, 193 (1st Cir. 1987) (*per curiam*), or to "reinforce or illuminate or fill gaps in the evidence developed for the second proceeding," *Groves*, 148 F.3d at 811.

In light of the foregoing, the Court concludes that the ALJ's decision cannot stand and must be remanded for further consideration. On remand, the ALJ must first determine whether Ms. Barnett's opinion was introduced as evidence in the first proceeding. Then and only then would res judicata or its kin, collateral estoppel, bar the opinion's reevaluation in this case. *See Groves*, 148 F.3d at 811; *Hillier*, 486 F.3d at 365. Next, even if Ms. Barnett's opinion was part of the record in the first proceeding, the ALJ must nevertheless consider whether, when assessed in combination with the evidence post-dating Plaintiff's application date, it tends to establish that Plaintiff was disabled during the relevant time period. If adopted, Ms. Barnett's opinion could, for example, establish Plaintiff's baseline level of functioning at the beginning of the relevant time period. The ALJ would then have to consider whether the evidence chronicles an improvement in Plaintiff's condition during the relevant time period, such that he could be found to be "not disabled" under the Act, and, in his decision, point to such evidence in order to contradict Ms. Barnett's finding. When engaging in this analysis, the ALJ should take into account the factors in 20 C.F.R. § 416.927 and specifically explain the amount of weight assigned to Ms. Barnett's opinion and the reasoning behind his decision to accord it such weight.[5] *See Hamlin*, 365 F.3d at 1215 (remanding case where ALJ failed to properly consider "a doctor's medical observations regarding a claimant's allegations of disability . . . from earlier, previously adjudicated periods"). Ultimately, for the reasons alluded to above, the ALJ might

---

5. These factors must be taken into account even though Ms. Barnett is not an "acceptable medical source" within the meaning of the regulations. *See* SSR 06-03P, 2006 WL 2329939, at *4-5 (Aug. 9, 2006) ("Although the factors in 20 CFR 404.1527(d) and 416.927(d) explicitly apply only to the evaluation of medical opinions from 'acceptable medical sources,' these same factors can be applied to opinion evidence from 'other sources.'").

8

determine that Ms. Barnett's opinion is not worthy of great weight or any weight whatsoever. However, it must be left to the ALJ and not this Court to make that determination in the first instance and to consider Ms. Barnett's opinion in the context of the other record evidence.

## IV. Conclusion

Under the Social Security regulations, the Court has three options upon review of a decision of the Commissioner that has denied benefits. The Court may affirm the decision, reverse the decision and award benefits directly to a claimant, or remand the matter to the Commissioner for further consideration. 42 U.S.C. § 405(g) (sentence four). Following an objective review of all of the record evidence and the ALJ's decision, the Court finds that the ALJ's decision must be remanded for further consideration. The ALJ's decision may, however, turn out to be correct and nothing in this Memorandum Opinion should be taken to suggest that the Court has presently concluded otherwise.

For the reasons hereinabove stated, the Court will **GRANT** the Motion for Summary Judgment filed by the Plaintiff insofar as it requests that the case be remanded to the ALJ for further consideration, and **DENY** the Motion for Summary Judgment filed by the Acting Commissioner. An appropriate Order follows.

McVerry, S.J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARRYL RICKY BROWN,<br>    Plaintiff,<br><br>   v.<br><br>COMMISSIONER<br>OF SOCIAL SECURITY,<br>    Defendant. | )<br>)<br>)<br>) 2:14-cv-01500-TFM<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

**AND NOW**, this 15th day of September 2015, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the Acting Commissioner's MOTION FOR SUMMARY JUDGMENT (ECF No. 9) is **DENIED**, and Plaintiff's MOTION FOR SUMMARY JUDGMENT (ECF No. 10) is **GRANTED**. It is **FURTHER ORDERED** that this case is **REMANDED** to the Social Security Administration for further consideration consistent with the foregoing Memorandum Opinion.

The Clerk shall docket this case **CLOSED**.

                  BY THE COURT:

                  s/ Terrence F. McVerry
                  Senior United States District Judge

cc: **Lindsay Fulton Osterhout, Esq.**
   Email: lindsay@mydisabilityattorney.com

   **Paul Kovac, Esq.**
   Email: paul.kovac@usdoj.gov

   (via CM/ECF)